IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUZANNE VANDER MEER,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL FINANCIAL, INC.,<br><br>Defendant. | Civil Action<br>File No.: _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff, Suzanne Vander Meer ("Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendant, Fidelity National Financial, Inc. ("Defendant"), respectfully alleging as follows:

### INTRODUCTION

1. This action arises in the context of a former employment relationship between Plaintiff and Defendant. Plaintiff was discriminatorily terminated by Defendant for pretextual reasons in violation of the Age Discrimination in Employment Act of 1947, as amended, 29 U.S.C. § 623 *et seq*. ("ADEA").

2. Plaintiff was additionally subjected to a hostile work environment and retaliation by Defendant due to her age.

## **JURISDICTION AND VENUE**

3. Plaintiff's claims present federal questions over which the court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 623.

4. Venue is proper pursuant to 29 U.S.C. § 623 and pursuant to 28 U.S.C. 1391 (b) and (c), as every act of which Plaintiff complains occurred in the Atlanta Division of the United States District Court for the Northern District of Georgia.

5. Plaintiff is a resident of the State of Georgia and submits herself to the jurisdiction of this Court.

6. Defendant is a Georgia For-Profit Corporation with its principal place of business located at 4170 Ashford Dunwoody Road, Suite 460, Brookhaven, Georgia 30319. Defendant's in-house counsel is voluntarily accepting service on Defendant's behalf.

7. At all times relevant to Plaintiff's claims, Defendant employed 20 or more employees for each working day in at least 20 or more calendar weeks, including Plaintiff.

8. Plaintiff has satisfied all conditions precedent to filing this action, including filing a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and receiving her Notice of Right to Sue ("Notice") within ninety (90) days of the filing of this action.

## FACTUAL ALLEGATIONS

9. Plaintiff is a fifty (50) year old woman that first became employed by Fidelity National Financial, Inc. ("Defendant") in 2004 in Defendant's Brookhaven, Georgia office.

10. Plaintiff worked in the Brookhaven office throughout her employment with Defendant.

11. Plaintiff was promoted several times during her employment, ultimately receiving the title of Vice President of Title Production and Escrow Manager.

12. At all times material to Plaintiff's employment, Plaintiff performed her duties diligently and in accordance with standards and procedures set forth by Defendant.

13. Plaintiff did not receive any negative employment evaluations, disciplinary write-ups and/or verbal reprimands during her employment.

14. In 2021, Plaintiff was assigned to work for Andi Stroud, Vice President, and Georgia State Manager.

15. Ms. Stroud almost immediately began harassing Plaintiff and making comments about her older appearance, antiquated approach to work, and insistence on doing things the "old fashioned" way.

16. Ms. Stroud also routinely singled Plaintiff out and targeted her without any good cause.

17. Ms. Stroud did not want Plaintiff to remain employed with Defendant and she sought to have Plaintiff terminated by fabricating reasons and sowing discord amongst other employees.

18. On or about November 2021, Ms. Stroud, accused one of Plaintiff's subordinates of wrongdoing involving the inappropriate disbursements of funds.

19. Plaintiff discussed Ms. Stroud's concerns with the employee and determined there was no wrongdoing. This angered Ms. Stroud, and she immediately increased her attacks on Plaintiff to get her to quit.

20. In mid-November 2021, Plaintiff reported Ms. Stroud's actions to Defendant's Human Resources Department on multiple occasions, but Defendant took no action to correct Ms. Stroud's behavior.

21. Instead, Defendant permitted Ms. Stroud to verbally abuse, harass, and bully Plaintiff on nearly a daily basis.

22. Following Plaintiff's complaints to Human Resources regarding Ms. Stroud's bullying and harassment, Ms. Stroud intensified her attacks with the goal of getting Plaintiff to quit.

23. On or about January 7, 2022, Plaintiff again complained about Ms. Stroud to Defendant's Human Resources Department.

24. Instead of investigating Plaintiff's complaints about Ms. Stroud, Defendant permitted Ms. Stroud to terminate Plaintiff the same day on which Plaintiff made the complaint to Human Resources.

25. Plaintiff's termination occurred because she did not fit in with Ms. Stroud's vision for a younger company.

26. Plaintiff's termination was discriminatory as it was based on her age, and she was replaced by a younger employee.

27. Plaintiff was further retaliated against because of her reporting issues of age bias, employee intimidation, and other potentially unlawful employment practices condoned by Defendant and Ms. Stroud to Defendant's Human Resources Department.

28. Defendant did not have a legitimate reason to terminate Plaintiff's employment or retaliate against her in any manner.

29. Defendant's actions are in violation of 29 U.S.C. § 623.

30. As a result of Defendant's discriminatory and retaliatory conduct, Plaintiff has been damaged, suffered emotional distress, and had no choice but to hire counsel to vindicate her rights.

31. Plaintiff has retained the undersigned legal counsel to prosecute this action on her behalf and had agreed to pay counsel a reasonable fee for their services.

32. Plaintiff is entitled to reasonable attorney's fees if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF THE ADEA – 29 U.S.C. § 623

33. Plaintiff incorporates Paragraphs 1-32 by reference as if fully set forth herein.

34. Defendant is an employer with the meaning of the ADEA.

35. Plaintiff is a member of a protected class (over forty (40) years of age).

36. Plaintiff was qualified for her position at the time of her termination.

37. Defendant took adverse employment actions against Plaintiff, including terminating her employment without justifiable cause and replacing Plaintiff with a younger, less experienced colleague.

38. Plaintiff always performed her duties owed to Defendant faithfully and in accordance with applicable standards.

39. Plaintiff's direct supervisor unlawfully discriminated against Plaintiff by subjecting her to constant harassment and bullying.

40. Defendant treated Plaintiff's younger coworkers more favorably and did not subject them to the same mistreatment.

41. Defendant replaced Plaintiff with a younger and less-experienced employee.

42. Plaintiff was terminated because of her age.

6

43. Defendant's conduct alleged in this Complaint was willful and intentional.

44. As a direct result of Defendant's actions, Plaintiff has suffered lost wages, future income, opportunities for advancement, and other pecuniary and non-pecuniary damages (including emotional harm), all in amounts to be determined at trial.

## COUNT II
## RETALIATION – 29 U.S.C. § 623

45. Plaintiff incorporates Paragraphs 1-51 by reference as if fully set forth herein.

46. Plaintiff reported unlawful activities, policies, or practices of Defendant which was in violation of a law, rule, or regulations, as set forth more fully above.

47. Plaintiff objected to Defendant's threat and intimidation of her based upon her age.

48. Defendant terminated Plaintiff's employment at least in part because she complained of, and reported, unlawful discrimination and harassment to Defendant's Human Resources Department.

49. As a direct and proximate result of Plaintiff's protected status and protected activities, and the adverse employment action that Defendant took against Plaintiff because of Plaintiff's protected activity and status, Plaintiff has been damaged.

50. Plaintiff's damages include back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity, emotional pain, suffering and mental anguish, and other non-pecuniary losses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following:

a. Judgment in Plaintiff's favor and against Huddle House under all counts in this Complaint;

b. Award all incidental and consequential damages incurred by Plaintiff because of Defendant's unlawful conduct;

c. Compensatory damages, general and special;

d. Pecuniary and non-pecuniary damages, including emotional harm;

e. Punitive damages for Defendant's willful and intentional conduct;

f. Attorney's fees and all other fees and costs associated with this action;

g. Pre-judgment interest; and

h. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein so triable.

Respectfully submitted this 9th day of December 2022.

/s/ *Joshua C. Canton*
Joshua C. Canton, Esq.
Florida Bar No. 546364
mbonfanti@conroysimberg.com
CONROY SIMBERG
Atrium Building
325 John Knox Rd, Ste 105
Tallahassee, Florida 32303-4113
Telephone: (850) 383-9103
Facsimile:  (850) 668-7972

*Counsel for Plaintiff*